UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x CIVIL NO.
Yu FANG WANG

                Plaintiff,

       -against-

                                   **COMPLAINT**

MICHAEL CHERTOFF, Secretary,
DEPARTMENT OF HOMELAND SECURITY,
and KEVIN A. OHLSON, Director,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,    Administrative File #
DEPARTMENT OF JUSTICE,                                **A95 473 625**

                Defendants.
---------------------------------x

    Plaintiff, through her attorney, ROBERT F. BELLUSCIO, ESQ., as and for her complaint herein, shows and alleges as follows:


THE PARTIES


1.  Plaintiff is a stateless former national of the People's Republic of China now residing in the City and State of New York, County of New York, which lies within the jurisdiction of this Court.

2.  Defendant MICHAEL CHERTOFF, is sued in his official capacity as the duly appointed Secretary of the Department of Homeland Security (DHS). As such, he is responsible for the supervision of the Department of Homeland Security and its subagencies and all agency personnel in the execution of their duties in accordance with 8 C.F.R. Part 3.

3.  The Department of Homeland Security is an agency of the United States required under law (8 U.S.C. sec. 1103) to supervise, implement and enforce the Immigration and Nationality Act, 8 U.S.C. sec. 1101, et seq. On March 1, 2003, DHS became

successor to the former Immigration and Naturalization Service (hereinafter "INS") which was a division of the United States Department of Justice, in providing adjudicative functions with respect to immigration benefits.  The INS is now defunct.  (For the purposes of simplicity, both the INS and the DHS are referred to as "Defendant", although prior to March 1, 2003 all transactions were through INS (as the DHS did not as yet exist) and on and after March 1, 2003, all transactions have been through DHS.)

4. Defendant Kevin A. Ohlson is the Director of the Executive Office for Immigration Review of the U.S. Department of Justice, (EOIR) and as such is responsible for the supervision of the Board of Immigration Appeals, the Chief Immigration Judge, the Immigration Court, and all agency personnel in the execution of their duties in accordance with 8 C.F.R. Part 3.

JURISDICTION

5.  Jurisdiction is conferred on this Court by the Administrative Procedure Act, 5 U.S.C. sec. 701 et seq; by 28 U.S.C. sec. 1361, which grants original jurisdiction to the District Courts "of any action in any nature of mandamus to compel an officer or employees of the United States or any agency thereof to perform a duty owed to the Plaintiff"; by 28 U.S.C. sec. 1331, federal question Jurisdiction - specifically I.N.A. Section 208, et seq ; 5 U.S.C. Section 555, et seq; by 28 U.S.C. sec. 1343(b), allowing the securing of equitable relief under any Act of Congress for the protection of civil rights, or any regulations of an executive department; and by the Fifth Amendment to the U.S. Constitution.  Plaintiff's action under the Freedom of Information Act (FOIA) is authorized by 5 U.S.C. Sec. 552(a)(4)(B).  Plaintiffs' action for declaratory relief is

authorized by 28 U.S.C. secs. 2201 and 2202, and Rules 57 and 65, Federal Rules of Civil Procedure.

VENUE

6. Venue lies in the Southern District of New York because Plaintiff resides in New York County, which is within the Southern District. In addition, Defendant DHS maintains offices in New York County.

CAUSE OF ACTION

7. Plaintiff's application for asylum was **granted** (as was her application for withholding of removal) by order of the Honorable Robert D. Weisel, Immigration Judge, New York Immigration Court, Executive Office for Immigration Review on December 2, 2002. (**Exhibit "1".**)

8. The order granting asylum is a final order, as appeal was waived by all parties and as no appeal in fact was ever filed.

9. At the time the order was issued, such order was a "conditional grant" of asylum as the asylum claim was based upon coercive population control, and thus was subject to an asylum quota.

10. Thereafter, on or about May 11, 2005, with the passage of the Real I.D. Act, the quota for coercive population control asylum grants was abolished by law.

11. It is the position of Defendants that the EOIR must issue a letter that such cases have had the conditions removed, and it is further the position of Defendants that EOIR will not issue such

a notice unless and until DHS notifies EOIR that certain "clearances" or "security checks" have been completed after re-fingerprinting the subject (Plaintiff).

12. Upon information and belief, Defendant DHS has NOT completed the required clearances/security check process with respect to plaintiff.

13. Plaintiff made application for asylum pursuant to Section 208 of the Immigration and Nationality Act, et seq.

14. Pursuant to the Immigration and Nationality Act, *5 U.S.C.* Section 555 et seq (the Administrative Procedures Act or "APA") and the Fifth Amendment to the U.S. Constitution, Plaintiff enjoys a clear right to apply to Defendants for asylum status and to receive a reasonably timely adjudication of her application.

15. Defendants, despite having a clear duty under 5 U.S.C. Section 555 "within a reasonable time...to conclude a matter presented to it", have failed to completely process and/or completely adjudicate Plaintiff's application in a timely manner.

16. Defendants' duty to completely **process and adjudicate** Plaintiff's asylum application "within a reasonable time" is a non-discretionary duty mandated by federal law.

17. No administrative appeal lies from a decision of the Defendants to **refuse** to process and adjudicate or to completely process and completely adjudicate an asylum application.

18. Defendants have refused and continue to refuse to completely process and completely adjudicate or have unreasonably delayed the complete adjudication of Plaintiff's asylum application, in violation of Plaintiffs' rights under section 208 of the

Immigration and Nationality Act and the Fifth Amendment Due Process Clause to the United States Constitution.

19. The delay in adjudicating plaintiff's application prevents plaintiff from applying for derivative beneficiaries, accruing time in asylum status required to be eligible to apply for lawful permanent resident status and thus delays him from accruing time required to be eligible to apply for naturalization.

20. For these losses, Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this honorable Court:

A. Assume jurisdiction over this case;
B. Declare unlawful the action of Defendants in refusing to completely process and completely adjudicate the asylum application.
C. Enter a writ in the nature of a mandamus requiring Defendant to completely adjudicate the asylum application for unconditional asylum status.
D. Enter an order if no action is taken within 30 days of this order, that such application for unconditional asylum status will be deemed to be approved.
E. Enter an order that Plaintiff be forthwith issued temporary evidence of her unconditional asylum status.
F. Grant costs and attorneys fees to Plaintiffs and their counsel pursuant to the Equal Access to Justice Act and as otherwise appropriate; and

    G. Grant such further relief as the Court may deem just and proper.

Dated: March 25, 2008           _____
      Flushing, New York     Robert F. Belluscio, Esq.
                                Attorney for Plaintiffs
                                142-03  37th Ave.
                                Flushing, New York  11354
                                718 445-1500
                                (FAX 718 358-9849)
                                (Belluscio@AOL.Com)

                                RFB-5199

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL., RM1237
NEW YORK, NY 10278

In the matter of                                    Case No.: A95-470-675

[Respondent name]                                   IN REMOVAL PROCEEDINGS
     Respondent

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Dec 2, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
     _____ or in the alternative to _____
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to _____ or
     in the alternative to _____
[ ]  Respondent's application for _____ departure was granted until
     _____ upon posting a bond _____
     with an alternate order
[✓] Respondent's application _____ ( ) granted ( ) denied ( ) _____
     ( ) withdrawn.
[ ]  Respondent's application for withholding of removal was ( ) granted
     ( ) denied ( ) withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( ) granted ( ) denied ( ) withdrawn.
[ ]  Respondent's application for _____ was ( ) granted
     under section 240A(b)(1) ( ) _____ section 240A(b)(2)
     ( ) denied ( ) withdrawn. _____ ordered that the
     respondent be issued all appropriate _____ necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( ) granted ( ) denied ( ) withdrawn or ( ) other.
[ ]  Respondent's application for adjustment _____ section _____
     of the INA was ( ) granted ( ) denied _____. If granted, it
     was ordered that respondent be issued _____ documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under _____
[ ]  Respondent is admitted to the United States as a _____ until _____
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____

Date: Dec 2, 2002
Appeal: (Waived/Reserved)    Appeal Due By: _____

                                              ROBERT D. WEISEL
                                              Immigration Judge



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE CHIEF IMMIGRATION JUDGE

5107 Leesburg Pike, Suite 2500
Falls Church, VA 22041
Thursday October 19, 2006

Yu Fang Wang
108 Stanton Apt. 4B
New York, NY 10002

Re: A# 95-473-625

*Your letter requesting information and/or notification of change(s) to your/your client's record with the court has been received and the following information/instruction noted with (X) in the following passages should be followed:*

__X__   This case is pending a final grant authorization from DHS. For the latest press release regarding full asylum grants after security clearance, go to: http://www.usdoj.gov/eoir/. In order to ensure that you and/or your clients receive a notice removing the condition on your and/or your client's asylum grant at the proper time, you must ensure that each you/or your client's record is kept current with the immigration court having jurisdiction over them. *No updates will be made to the alien's file at the Office of the Chief Immigration Judge. We will return any forms sent to the OCIJ that should have been filed at the Immigration Court.*

__X__   **All address changes (alien and attorney) must be filed at the Court that has administrative control over your case file.** (Only Form EOIR-33 should be used for this notification - forms for DHS or BIA will not be accepted.) PLEASE FILE A CHANGE OF ADDRESS AT THE IMMIGRATION COURT.

_____   All Notices of Entry of Appearance as Attorney or Representative and/or information relating thereto, must be forwarded to the immigration court that has administrative control over the alien's case file. (Only Form EOIR-28 should be used for this notification - forms for DHS or BIA will not be accepted.) YOUR NOTICE OF APPEARANCE IS BEING RETURNED TO YOU; **PLEASE FILE AT THE IMMIGRATION COURT.**

_____   All inquiries regarding fingerprints must be directed to the Department of Homeland Security (DHS), Bureau of Citizenship and Immigration Service (BCIS) as the initiate all requests and requirements regarding this procedure. Fingerprints and background investigation must be completed prior to issuance of Notice lifting condition from Asylum Grants.

_____   Your case has been identified to the DHS as a conditional asylum grant. Fingerprints and background investigation must be completed prior to issuance of Notice lifting condition from Asylum Grants.

_____   Your case is in the jurisdiction of a Department of Homeland Security, Asylum Office, not an immigration court. There is no record of this case in out system. Your inquiry is being returned to you.

_____   Your case is in the jurisdiction of the Board of Immigration Appeals. Your inquiry has been referred to the Board of Immigration Appeals. Any future correspondence should be directed there.

Department of Homeland Security
U.S. Citizenship and Immigration Services

# THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>February 02, 2007 |
|---|---|---|---|
| CASE TYPE<br>I589    Application For Asylum | | | USCIS A#<br>A 095 473 625 |
| APPLICATION NUMBER<br>FPS*003949947 | RECEIVED DATE<br>February 01, 2007 | PRIORITY DATE<br>February 01, 2007 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
YU FANG WANG
108 STANTON STREET APT 4B
NEW YORK NY 10002



To continue processing your application, USCIS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below USCIS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation<br>CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| CIS NEW YORK VARICK ST.<br>201 VARICK STREET<br>1023<br>NEW YORK NY 10014 | 02/05/2007<br>to<br>02/19/2007 | Sat, Sun  Closed<br>Mon - Fri 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. **If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring** photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. **Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.**

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and USCIS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY



Form I-797C (Rev. 01/31/05) N

| U.S. Department of Justice | Notice of Entry of Appearance |
| Immigration and Naturalization Service | as Attorney or Representative |

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re: **WANG Yu Fang**
Date: **03/25/2008**
File No. **A95-473-625**

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s)

Name: **Yu Fang WANG**
☐ Petitioner   ■ Applicant
☐ Beneficiary

Address: (Apt. No.) **#4B**, (Number & Street) **108 Stanton Street** (City) **New York** (State) **NY** (Zip Code) **10002**

Name: **N/A**
☐ Petitioner   ☐ Applicant
☐ Beneficiary

Address: (Apt. No.) (Number & Street) (City) (State) (Zip Code)

Check Applicable Item(s) below:

■ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia **New York State Court of Appeals** — Name of Court — and am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____ the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this Item, also check Item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain Fully.)

SIGNATURE: *[signature]*

COMPLETE ADDRESS
Robert F. Belluscio, Esq.
142-03 37th Ave
Flushing New York 11354-4102

NAME (Type or Print): **Robert F. Belluscio**
TELEPHONE NUMBER: **(718) 445-1500**
FAX NUMBER: **(718) 358-9849**

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:

**Robert F. Belluscio**
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

Name of Person Consenting: **Yu Fang WANG**
Signature of Person Consenting: *WANG Yu Fang*
Date: **03/25/2008**

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

VERIFICATION

STATE OF NEW YORK)
                 )SS.:
COUNTY OF QUEENS )

_____, being duly sworn, deposes and says:

    I am Plaintiff in the within action and I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

*wang yu Fang*
*Yu Fang wang*

Sworn to before me this 25th day of March, 2008

_____

ROBERT F BELL
Notary Public State
No 02BE6118683
Qualified in Queens County
Commission Expires Nov. 15, 2008

ROBERT F BELLUSCIO
Notary Public State of NY
No 02BE6118683
Qualified in Queens County
Commission Expires